**NOT FOR PUBLICATION**

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

|  |  |  |
|---|---|---|
| KENNETH BERNARD THOMPSON, | : | Civil No. 04-5140 (FLW) |
| Petitioner, | : | |
| v. | : | **O P I N I O N** |
| SUSAN MAURER, et al., | : | |
| Respondents. | : | |

**APPEARANCES:**

Kenneth Bernard Thompson, Pro Se
Sussex II State Prison
24427 Mussel White Drive
Waverly, VA 23891

Christopher C. Josephson
Deputy Attorney General
R.J. Hughes Justice Complex
25 Market Street
P.O. Box 112
Trenton, NJ 08625
Attorney for Respondents

**WOLFSON, District Judge**

Petitioner, Kenneth Bernard Thompson, filed the within petition for a Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254. Respondents have filed an Answer. The Court has considered all submissions. For the reasons set forth below, the Petition will be dismissed. Petitioner's pending motion for counsel will be dismissed as moot.

## BACKGROUND

The habeas petition before the Court was submitted on October 20, 2004, and filed on December 20, 2004, when Petitioner paid the filing fee.  On February 10, 2005, Petitioner was advised of his rights pursuant to Mason v. Meyers, 208 F.3d 414 (3d Cir. 2000).  On July 18, 2005, Respondents filed an Answer and the supporting record.  On July 28, 2005, Petitioner filed objections to the Answer.  Petitioner also filed a motion for the appointment of counsel on October 17, 2005.

Petitioner argues in the instant petition that:

> On April 25, 1998, petitioner was set-up and falsely charged with possession of a weapon, and placed in handcuffs and shackled and taken to a holding tank where he was physically assaulted by four (4) correctional officers while handcuffed & shackled and brutally beatin [sic], as oppose[d] to petitioner having suffered an asthma attack as a result of being choked almost to death while my shirts were literally being ripped from my body.  Petitioner moves before this Court to present a habeas corpus petition on the grounds that petitioner was brutally beatin [sic] while handcuffed and shackled and set up by four corrections officers at Southwoods State Prison in Bridgeton New Jersey while a Nurse Pettit stood by watching the entire incident.

(Petition, ¶ 12).  The first 16 pages of Petitioner's handwritten petition recount various events that allegedly took place in which Petitioner was beaten and/or, in his opinion, harassed. Petitioner then states that on April 25, 1998, an officer instituted a disciplinary action against him, stating that during a cell search, the officer found a toothbrush with the bristles

removed and with a razor melted into the back of the brush. On May 4, 1998, after some postponements, Petitioner's case was heard and he was found guilty of possession of a weapon and for refusing a search. He was sanctioned with 10 days detention, 180 days administrative segregation, and 180 days loss of good time credit. (Pet., ¶¶ 26-30).

Petitioner argues that his due process rights were violated because he was not given a chance to present evidence to prove his innocence, since a requested witness statement was not obtained. (Pet., ¶ 31). Petitioner also states that he sought to obtain restoration of his good time credits but has been "ignored" by the Department of Corrections. (Pet., ¶¶ 43-44).

Documentation provided by Petitioner demonstrates that Petitioner attempted to appeal the disciplinary decision to the Superior Court of New Jersey, Appellate Division, but was denied relief. The Appellate Division refused Petitioner's motion to file a notice of appeal out of time, stating that Petitioner had not shown good cause as to why the appeal was filed almost six years late. The Appellate Division further noted that Petitioner's attempt to appeal the denial of his request to the Governor of New Jersey to have his credits restored was not properly sought, and thus, no appeal could properly be taken.

Petitioner asks this Court for an evidentiary hearing and to be released as a result of physical and psychological trauma resulting from being "set up" and assaulted.  (Pet., ¶¶ 45-46).

Respondents argue in their Answer that Petitioner has failed to exhaust his state court remedies with regard to the disciplinary hearing.  Further, Respondents argue that Susan Maurer should be dismissed as a party to the action, as she is not Petitioner's custodian.  Finally, Respondents argue that the disciplinary sanction was proper and did not violate Petitioner's rights.

## DISCUSSION

**A.   Jurisdiction**

A habeas corpus petition is the proper mechanism for a prisoner to challenge the "fact or duration" of his confinement, Preiser v. Rodriguez, 411 U.S. 475, 498-99 (1973), including challenges to prison disciplinary proceedings that affect the length of confinement, such as deprivation of good time credits, Muhammad v. Close, 540 U.S. 749 (2004) and Edwards v. Balisok, 520 U.S. 641 (1997).  See also Wilkinson v. Dotson, 544 U.S. 74 (2005).  As Petitioner challenges a disciplinary proceeding that resulted in the loss of good time credits, this Court properly may exercise jurisdiction over that claim.

To the extent a prisoner challenges his conditions of confinement, however, such claims must be raised by way of a

civil rights action.  See Leamer v. Fauver, 288 F.3d 532 (3d Cir. 2002).  Where a favorable outcome necessarily would imply the invalidity of the length of a prisoner's sentence, such claims do not accrue until the sanction has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus.  See Heck v. Humphrey, 512 U.S. 477 (1994).  Thus, in this habeas action, this Court can award no relief related to those sanctions that do not affect the length of Petitioner's sentence.

The majority of Petitioner's claims concern the alleged assaults and harassment he withstood at the hands of correctional officers at Southwoods State Prison in 1998.  Petitioner states that he filed a civil rights complaint in this District concerning these claims, and has "made numerous attempts to seek redress within the State and Federal Court of New Jersey," and was denied relief.[1]  (Pet., ¶¶ 41-42).

This Court has no jurisdiction over these claims under the habeas corpus statute.  The only claim presented by Petitioner in this petition which is properly before this Court on habeas review is Petitioner's claim that he was denied due process in

---

[1] A review of the District's dockets reveal that Petitioner previously filed an action pursuant to 42 U.S.C. § 1983, Thompson v. Terhune, 99-2499 (JBS), which was denied and closed in April of 2001.

his disciplinary hearing, resulting in a loss of good time credit.

**B.    Standard of Review**

"Habeas corpus petitions must meet heightened pleading requirements."  McFarland v. Scott, 512 U.S. 849, 856 (1994).  A petition must "specify all the grounds for relief" and must set forth "facts supporting each of the grounds thus specified."  See Rule 2(c) of the Rules Governing § 2254 Cases in the U.S. District Courts.

Nevertheless, a pro se pleading is held to less stringent standards than more formal pleadings drafted by lawyers.  See Estelle v. Gamble, 429 U.S. 97, 106 (1976); Haines v. Kerner, 404 U.S. 519, 520 (1972).  A pro se habeas petition and any supporting submissions must be construed liberally and with a measure of tolerance.  See Royce v. Hahn, 151 F.3d 116, 118 (3d Cir. 1998); Lewis v. Attorney General, 878 F.2d 714, 721-22 (3d Cir. 1989); United States v. Brierley, 414 F.2d 552, 555 (3d Cir. 1969), cert. denied, 399 U.S. 912 (1970).

**C.  Petitioner's Claims Will Be Denied.**

1.    Petitioner's Claims Are Procedurally Defaulted.

Pursuant to 28 U.S.C. § 2254, "a district court shall entertain an application for a writ of habeas corpus in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the

6

Constitution or laws or treaties of the United States." A state prisoner applying for a writ of habeas corpus in federal court must first "exhaust[] the remedies available in the courts of the State," unless "there is an absence of available State corrective process[] or ... circumstances exist that render such process ineffective ... ." 28 U.S.C. § 2254(b)(1); see also Rose v. Lundy, 455 U.S. 509, 515 (1982); Lambert v. Blackwell, 134 F.3d 506, 513 (3d Cir. 1997), cert. denied, 532 U.S. 919 (2001) (finding that "Supreme Court precedent and the AEDPA mandate that prior to determining the merits of [a] petition, [a court] must consider whether [petitioner] is required to present [his or her] unexhausted claims to the [state's] courts").

A petitioner must exhaust state remedies by presenting his federal constitutional claims to each level of the state courts empowered to hear those claims, either on direct appeal or in collateral post-conviction proceedings. See, e.g., O'Sullivan v. Boerckel, 526 U.S. 838 (1999) ("requiring state prisoners [in order to fully exhaust their claims] to file petitions for discretionary review when that review is part of the ordinary appellate review procedure in the State"); Ross v. Petsock, 868 F.2d 639 (3d Cir. 1989); 28 U.S.C. § 2254(c) ("An applicant shall not be deemed to have exhausted the remedies available in the courts of the State, within the meaning of this section, if he has the right under the law of the State to raise, by any

available procedure, the question presented.")  Once a petitioner's federal claims have been fairly presented to the state's highest court, the exhaustion requirement is satisfied. Picard v. Connor, 404 U.S. 270, 275 (1971); Castille v. Peoples, 489 U.S. 346, 350 (1989).

Even where exhaustion is excused, the doctrine of procedural default may come into play.

> A procedural default occurs when a prisoner's federal claim is barred from consideration in the state courts by an "independent and adequate" state procedural rule. Federal courts may not consider the merits of a procedurally defaulted claim unless the applicant establishes "cause" to excuse the default and actual "prejudice" as a result of the alleged violation of the federal law or unless the applicant demonstrates that failure to consider the claim will result in a fundamental "miscarriage of justice."

Carpenter v. Vaughn, 296 F.3d 138, 146 (3d Cir. 2002)(internal citations omitted).  To establish cause, a petitioner must demonstrate some objective factor external to the defense that prevented compliance with the state's procedural requirements. Coleman v. Thompson, 501 U.S. 722, 753 (1991).  To establish a fundamental miscarriage of justice, a petitioner must demonstrate that he is actually innocent of the crime, McCleskey v. Zant, 499 U.S. 467, 494 (1991), typically by presenting new evidence of innocence, Schlup v. Delo, 513 U.S. 298, 316 (1995).

Here, Petitioner's claims that his due process rights were violated in the course of his disciplinary proceeding were not adjudicated in the state courts.  The claims were procedurally

8

barred in the state courts due to the Appellate Division's refusal to hear Petitioner's case because of its extreme untimeliness. Petitioner has not alleged in response to Respondents' argument that these claims are procedurally barred, any facts or arguments suggesting that they would not be procedurally barred. Petitioner states in his Objections to the Respondents' Answer that a miscarriage of justice will occur if this Court does not hear his claims because of the assaults he was subjected to, and because of how he is being treated by the New Jersey Department of Corrections.

As Petitioner's claims are procedurally barred, and as Petitioner has failed to allege any ample cause for his procedural default in state court or any sufficient fundamental miscarriage of justice that would result from failure to consider his claims, this Court cannot grant relief.

    2.    <u>Alternatively, Petitioner's Claims Have No Merit.</u>

Convicted and sentenced prisoners retain the protections of the Due Process Clause of the Fifth and Fourteenth Amendments that the government may not deprive them of life, liberty, or property without due process of law. <u>See</u> <u>Wolff v. McDonnell</u>, 418 U.S. 539, 556 (1974); <u>Haines v. Kerner</u>, 404 U.S. 519 (1972); <u>Wilwording v. Swenson</u>, 404 U.S. 249 (1971). Such protections are, however, "subject to restrictions imposed by the nature of the regime to which [prisoners] have been lawfully committed.

... In sum, there must be mutual accommodation between institutional needs and objectives and the provisions of the Constitution that are of general application." Wolff, 418 U.S. at 556.

A liberty interest protected by the Due Process Clause may arise from either of two sources: the Due Process Clause itself or from state or federal law. See Hewitt v. Helms, 459 U.S. 460, 466 (1983); Asquith v. Department of Corrections, 186 F.3d 407, 409 (3d Cir. 1999). The Supreme Court has held that there is no federal constitutional right to good time credits. See Wolff, 418 U.S. at 557. Although the United States Constitution does not create a liberty interest entitling inmates to reduce their sentence with commutation or work credits, New Jersey law must be examined to determine if the state has created such an interest. See id. New Jersey has created a statutory right to commutation credit, as well as procedures and guidelines regarding forfeiture of these credits for misconduct.[2]

Where the government has created a right to good time credits, and has recognized that a prisoner's misconduct authorizes deprivation of the right to good time credits as a

---

[2] Commutation credit is awarded to inmates pursuant to N.J.S.A. 30:4-140. See also N.J.A.C. 10A:9-5.1(a). As a penalty for misconduct, commutation credits may be forfeited. See N.J.A.C. 10A:9-5.3(a). Forfeitures are determined by a Disciplinary Hearing Officer and are reviewed by the Administrator. See N.J.A.C. 10A:9-5.3(a)(1).

sanction, "the prisoner's interest has real substance and is sufficiently embraced within Fourteenth Amendment 'liberty' to entitle him to those minimum procedures appropriate under the circumstances and required by the Due Process Clause to insure that the state-created right is not arbitrarily abrogated." Wolff, 418 U.S. at 557.

Thus, a prisoner is entitled to an impartial disciplinary tribunal. See Wolff, 418 U.S. at 570-71. To comply with the requirements of the Due Process Clause, prison officials also must provide a prisoner facing loss of good time credits with: (1) a written notice of the charges at least 24 hours prior to any hearing, (2) an opportunity to call witnesses and present documentary evidence in his defense when permitting him to do so will not be unduly hazardous to institutional safety or correctional goals, and (3) a written statement by the factfinders as to the evidence relied on and the reasons for the disciplinary action. See id. at 564-66. Prisoners do not have a due process right of confrontation and cross-examination, or a right to counsel, in prison disciplinary proceedings. See id. at 569-70. Where an illiterate inmate is involved, or the complexity of the issue makes it unlikely that the inmate involved will be able to collect and present the evidence necessary for an adequate comprehension of the case, the prisoner

11

should be permitted to seek the aid of a fellow inmate or appropriate staff member.  See id. at 570.

Finally, due process requires that findings of a prison disciplinary official that result in the loss of good time credits must be supported by "some evidence" in the record. Superintendent, Massachusetts Correctional Institution at Wolpole v. Hill, 472 U.S. 445, 454-56 (1985); Young v. Kann, 926 F.2d 1396, 1402-03 (3d Cir. 1991).  The Supreme Court has stated:

> Prison disciplinary proceedings take place in a highly charged atmosphere, and prison administrators must often act swiftly on the basis of evidence that might be insufficient in less exigent circumstances.  The fundamental fairness guaranteed by the Due Process Clause does not require courts to set aside decisions of prison administrators that have some basis in fact. Revocation of good time credits is not comparable to a criminal conviction, and neither the amount of evidence necessary to support such a conviction, nor any other standard greater than some evidence applies in this context.

Hill, 472 U.S. at 456 (internal citations omitted).

Here, a review of the record provided by Respondents, including the Disciplinary Reports, investigations, Preliminary Incident Reports, Use of Force Reports, Seizure of Contraband Reports, various Special Reports, Appeal of Disciplinary Decision to the Administrator, and Disposition of Disciplinary Appeal, reveal that Petitioner was provided his rights as set forth by Wolff, and that there was clearly "some evidence" supporting the disciplinary finding.  Thus, even if the Court were to reach the merits of Petitioner's case, the claims would be denied.

3.  Certificate of Appealability

Pursuant to 28 U.S.C. § 2253(c), unless a circuit justice or judge issues a certificate of appealability ("COA"), an appeal may not be taken from a final order in a proceeding under 28 U.S.C. § 2254.  A certificate of appealability may issue "only if the applicant has made a substantial showing of the denial of a constitutional right."  28 U.S.C. § 2253(c)(2).  "A petitioner satisfies this standard by demonstrating that jurists of reason could disagree with the district court's resolution of his constitutional claims or that jurists could conclude the issues presented are adequate to deserve encouragement to proceed further."  Miller-El v. Cockrell, 537 U.S. 322, 327 (2003).  "When the district court denies a habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claim, a COA should issue when the prisoner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling."  Slack v. McDaniel, 529 U.S. 473, 484 (2000).

Here, jurists of reason would not find it debatable that the Petition is unexhausted and procedurally defaulted.

13

## **CONCLUSION**

For the foregoing reasons, the Petition for a Writ of Habeas Corpus, pursuant to 28 U.S.C. § 2254, is dismissed, with prejudice.  The Court further finds that no certificate of appealability will issue because Petitioner has not made a substantial showing of the denial of a constitutional right, as required by 28 U.S.C. § 2253.  Petitioner's motion for the appointment of counsel will be dismissed as moot.

An appropriate Order accompanies this Opinion.


                                                   _S/Freda L. Wolfson_
                                                           FREDA L. WOLFSON
                                         United States District Judge

Dated: March 2, 2006